MR. CHIEF JUSTICE HASWELL
concurring in part and dissenting in part:
I concur with the majority that evidence of defendant’s blood alcohol test is admissible and that the county attorney’s statements were harmless error.
I dissent from the majority holding vacating the District Court’s judgment and sentence requiring restitution. In my view the majority have written conditions and limitations, on restitution on the basis of the Uniform Law Commissioners Model Sentencing and Corrections Act which has never been enacted in Montana. Additionally, the majority opinion denies the District Court judgment the presumption of regularity to which it is entitled by statute, Section 26-1-602(15) and (17), MCA.
The District Court is empowered to defer imposition of sentence on condition of réstitution. No restrictions have been imposed on restitution although several legislative sessions have passed since 1973 where it was first statutorily authorized. See Chap. 513, § 31, 1973 Session Laws; section 46-18-201(lXaXiv), MCA. On the other hand, the Uniform Law Commissioners Model Sentencing and Corrections Act imposes a variety of limitations on the sentencing cdurt’s authority to require restitution: a presentence report documenting the victim’s pecuniary loss, limitations on what kind of losses are subject to restitution, the financial resources of the offender, etc. As I see it, this Court should be slow in limiting restitution by judicial decisions based upon Model Acts that have no counterparts in Montana.
I also object to vacating a judgment and sentence valid on its face because there is no underlying record which has been certified to us affirmatively showing the dollar amount of out of pocket expenses, the dollar amount of loss of each victim and related matters. This puts the shoe on the wrong foot. The burden is properly in the defendant to show error in the restitution order. Here the defendant has made no showing. *405 Until he does, the District Court judgment and sentence should be upheld.